IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN LUDE | Criminal No.  2:21-cr-303<br>(18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)) |

## **INFORMATION**

### **COUNT ONE**

The United States Attorney charges:

From on or about August 21, 2019, to on or about September 30, 2019, in the Western District of Pennsylvania, the defendant, KEVIN LUDE, did knowingly receive and attempt to receive visual depictions of minors, namely videos, the production of which involved the use of minors engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and which depicted minors engaging in sexually explicit conduct, and said visual depictions were transported and transmitted using any means and facility of interstate commerce.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## FORFEITURE ALLEGATIONS

1.Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to defendant KEVIN LUDE that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 2253 in the event of the defendant's conviction under Count One of this Information.

2.Pursuant to Title 18, United States Code, Section 2253, upon conviction of the offense set forth in Count One of this Information, in violation of Title 18, United States Code, Section 2252, the defendant, KEVIN LUDE, shall forfeit to the United States of America:

a.Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

b.Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3.The property subject to this forfeiture notice includes, but is not limited to:

a. one iPhone 7 Plus, Model A1661 – C39SY8WSHFY2;

b. one WD My Passport X Eternal Hard Drive – WX21A1724NJN;

c. Transcend Store Jet External Hard Drive – 49490CDC9J813S;

d. Acer Predator Black and Red Desktop Tower: S/N DTSPXAA00133100E399600;

e. Asus Laptop Computer: S/N F5NOWU10169222B.

4. If any of the property described above, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

_____
STEPHEN R. KAUFMAN
Acting United States Attorney
PA ID No. 42108