IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KEVIN LUDE | Criminal No. 2:21-cr-303 |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I. THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor<br>August 21, 2019 through September 30, 2019 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |

## II. ELEMENTS OF THE OFFENSE

**As to Count One:**

In order for the crime of Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(2)

and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly received or attempted to receive a visual depiction of a minor in interstate or foreign commerce or using any means or facility of interstate commerce, including by computer, or through the United States mail.

> Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

> Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F. Supp. 223 (M.D. Pa. 1987), United States v. X-Citement Video, 115 S.Ct. 464 (1994).

3. That the visual depiction is of such conduct.

> Title 18, United States Code, Section 2252(a)(2).

## III. PENALTIES

**As to Count One: Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2) and (b)(1)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution,

shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be fined under this title and imprisoned not less than 15 years nor more than 40 years.

2. A fine of not more than $250,000.00, 18 U.S.C. § 3571(b)(3).

3. A term of supervised release of at least five (5) years and up to life, 18 U.S.C. § 3583(k).

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

An additional special assessment of $5000.00 must be imposed at each count upon which the defendant is convicted, as the offense was committed after May 29, 2015, and the offense is located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Pursuant to 18 U.S.C. § 2259A(a), an additional special assessment of not more than $35,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined in 18 U.S.C. § 2259(c)(3).

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. FORFEITURE

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

*/s/ Heidi M. Grogan*
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184